UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CARLOS ALAMO, :
: Civil Action No. 11-1103 (JBS)
    Petitioner, :
:
v. : **OPINION**
:
ERIC HOLDER, et al., :
:
    Respondents. :

**APPEARANCES**:

    **CARLOS ALAMO**, Petitioner pro se
    # 46328-054
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

**SIMANDLE**, District Judge

This matter is before the Court on the application of petitioner, Carlos Alamo, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the petition will be denied.

## I. BACKGROUND

Petitioner, Carlos Alamo ("Alamo"), brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241, against the following federal official respondents: Eric Holder, United States Attorney General; and Donna Zickefoose, Warden at FCI Fort Dix, where Alamo is presently confined. (Complaint, Caption). The petition initially was filed by Alamo in the United States District Court for the Southern District of New York, receiving the docket no. 11-civ-0049 (LAP). It was submitted as a motion

pursuant to 28 U.S.C. § 2255, however, the application clearly was challenging the Bureau of Prisons' ("BOP") calculation of petitioner's sentence.  In an Order issued on January 5, 2011, the Honorable Loretta A. Preska, Chief Judge for the Southern District of New York, found that Alamo's application before the court should be construed as a petition under 28 U.S.C. § 2241.  Chief Judge Preska also noted that the petition appeared to be filed in the wrong court.  Accordingly, Alamo was directed to notify the court if he intended to withdraw the application, and if not, to file an amended petition detailing his claims and the steps he had taken to fully exhaust his administrative remedies, or alternatively, show that available remedies were inadequate.  (See January 5, 2011 Order at docket entry no. 3).

Alamo filed an amended petition on or about February 14, 2011.  (Docket entry no. 4).  On February 23, 2011, Chief Judge Preska entered an Order, which found that petitioner had filed an amended petition indicating his intention of pursuing relief under § 2241.  The court further found that, "[b]ecause Petitioner challenges the BOP's execution of his sentence, jurisdiction for this Petition lies in the District of New Jersey," pursuant to Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004).  Accordingly, the matter was transferred to the United

States District Court for the District of New Jersey.  (See Docket entry no. 8).[1]  Alamo paid the $5.00 filing fee on May 16, 2011.

On or about April 8, 2011, Alamo wrote to the Court, attaching a copy of the sentencing minutes for petitioner's state court sentence.  (Docket entry no. 10).  Alamo wrote several more letters to the Court, inquiring as to the status of his case and complaining that he is being held as a "hostage."  (See April 20, 2011 docket entry no. 11 and May 25, 2011 docket entry no. 12).  On August 12, 2011, Alamo wrote to the Court asking for appointment of counsel to explain the Court's recent Order denying reconsideration in an earlier matter, Alamo v. Samuel, Civil No. 06-2555 (JBS).  (Docket entry no. 13).  He also asked that the his motion to void judgment and grant summary judgment be filed in this action.  The motion was docketed in this action on August 23, 2011.  (See Docket entry no. 14).

Mr. Alamo is familiar to this Court.  He has filed two earlier actions in this District Court, Alamo v. Samuel, Civil No. 06-2555 (JBS) and Alamo v. Holder, et al., Civil No. 10-372 (JBS), where he sought the identical relief that he again repeats in this matter.  Both earlier actions were denied.

---

[1] The Court notes a lapse in sequence for document entry. There does not appear to be any documents entered or filed between February 14, 2011 (the date of Alamo's amended petition designated as docket entry no. 4) and the February 23, 2011 Order (designated as docket entry no. 8).  There also does not appear to be any explanation for this sequential discrepancy.

The factual background in this action was set forth in this Court's prior Opinion in Civil No. 06-2555 (JBS), and is now reiterated here for convenience sake.  Alamo was arrested by New York authorities on four Bronx County indictments and, on February 19, 1999, was remanded to the New York City Department of Corrections.  While awaiting trial on those state charges, he was indicted by the United States for conspiracy to distribute heroin in violation of 21 U.S.C. § 846, charges that he contends were related to the pending state charges.

On May 14, 1999, pursuant to a writ of habeas corpus <u>ad prosequendum</u>, New York authorities produced Alamo to the United States Marshal to answer the federal charges.  On November 15, 2000, judgment was entered in the U.S. District Court for the Southern District of New York sentencing Alamo to a term of imprisonment of 151 months.  <u>See</u> <u>United States v. Alamo</u>, Criminal Action No. 99-0478-JSM-2 (S.D.N.Y.).  Alamo remained in the temporary custody of federal authorities, pursuant to the writ of habeas corpus <u>ad</u> <u>prosequendum</u>.  On November 17, 2000, Alamo was transported to state court where a sentence of one and one-half to three years was imposed.  As evidenced by the sentencing transcript attached to Alamo's recent letter to this Court, (docket entry no. 10), the state court was under the mistaken impression that Alamo was then serving his federal sentence and ordered that Alamo's state sentence would be served concurrently with the federal sentence.  Nothing in the transcript indicates

the source of the state court's misunderstanding.  Alamo was returned to the New York City Department of Corrections on December 8, 2000.

Another state sentence was imposed on November 30, 2001, to run concurrently with the federal sentence "now being served."[2] On January 11, 2002, Alamo was transferred to the New York State Department of Correctional Services to begin serving his state sentences.  He received state jail time credit for the periods from January 5, 1999, through January 6, 1999, from February 19, 1999, through May 14, 1999, and from December 8, 2000, through January 10, 2002.  Alamo was discharged from the New York State Department of Correctional Services, having completed his state sentences, on September 10, 2004.

Alamo began serving his federal sentence on that date.  He was awarded prior custody credit from May 15, 1999, through December 7, 2000, because the state had not credited to his state sentence the time during which petitioner was subject to the writ of habeas corpus ad prosequendum.

Alamo sought credit against his federal sentence for the time when he was in state custody, to give effect to the state judges' statements that his state sentences should run concurrently to his federal sentence.

---

[2] Alamo states, and the copy of the judgment attached to the Petition in Civil No. 06-2555 (JBS) confirms, that this sentence was imposed for an incident that occurred while Alamo was in state custody, for Promoting Prison Contraband.  It indisputably is not related to the federal charges.

The BOP denied Alamo's request for credit as to any time that had already been credited against his state sentence.  The BOP alternatively considered the request for credit a request for a nunc pro tunc designation, which was referred to the Northeast Regional Office.  By letter dated September 1, 2005, Regional Inmate Systems Administrator Fernando J. Messer advised Alamo that his request for a nunc pro tunc designation was denied.

> Under Bureau policy, a designation for concurrent service of sentence should be made only when it is consistent with the intent of the sentencing court or with the goals of the criminal justice system.
>
> Based upon a review of the above federal sentencing order, the application of the federal statutes, your past criminal history, and the discretion afforded to the Bureau of Prisons, the request for a nunc pro tunc designation is denied

(Civil No. 06-2555 (JBS), Petition, Ex. B.).

Alamo then filed his § 2241 habeas petition in Civil No. 06-2555 (JBS), and this Court denied relief in an Opinion and Order entered on April 12, 2007.  In short, this Court found that the BOP had correctly calculated Alamo's sentence and had correctly exercised its authority to deny Alamo's request that the state facilities be designated, nunc pro tunc, as a place of serving his federal sentence.  Three years after his case was dismissed, Alamo sought reconsideration of the April 12, 2007 decision, attaching to his request a copy of the state court sentencing transcript reflecting the state court's misunderstanding

regarding his service of his federal sentence.[3]  A similar letter application with the sentencing transcript was submitted in the present action.  (See Docket entry no. 10).

In an Order entered on August 4, 2001, this Court denied reconsideration, noting that Alamo had not pointed to any controlling facts or legal authority that this Court overlooked in rendering its prior Opinion and Order.  To the contrary, the facts recited by Alamo regarding the transfers of custody between state and federal authorities, as well as the terms of the various sentences, were available to the Court when it originally considered the Petition and were addressed in the prior Opinion in Civil No. 06-2555 (JBS).  This Court stated:

> The Court understands and sympathizes with Petitioner's frustration.  Nevertheless, there is no question that, at the time his state sentences were imposed, Petitioner was only in temporary custody of federal authorities pursuant to a writ of habeas corpus ad prosequendum; he was not then serving his federal sentence.  Petitioner was returned to the New York City Department of Corrections only three weeks after his federal sentence was imposed and he remained in the custody of state correctional authorities for the next three years and nine months, until he had fully served his state sentence.  The Bureau of Prisons gave fair consideration to Petitioner's request for designation of the municipal and state correctional facilities as a place of serving his federal sentence.  This Court can review that determination only for abuse of discretion; as there has been no such abuse of discretion, Petitioner is not entitled to relief.  See Barden v. Keohane, 921 F.2d 476, 478, 480-83 (3d Cir. 1990).

---

[3] Alamo did not produce this transcript when this Court first considered his habeas Petition in Civil No. 06-2555 (JBS), although he was present at the proceeding and presumably was aware of the events that transpired there.  Thus, although Alamo may only recently have acquired the transcript, it cannot truly be considered recently discovered evidence.

(August 4, 2011 Order, Civil No. 06-2555 (JBS) at docket entry no. 14, pp. 7-8).

The present action was filed on January 5, 2011, seeking the identical relief as requested in Alamo's earlier action, Civil No. 06-2555 (JBS). As the claims and arguments addressed by Alamo in this action are substantially identical to the claims presented in Alamo's earlier petition, and in his recent motion for reconsideration in that matter, this Court will likewise deny this petition on the same grounds as set forth above, in the August 4, 2011 Order entered in Civil No. 06-2555 (JBS), and in Civil No. 10-372 (JBS).[4]  Further, Alamo's motion for void judgment/summary judgment (docket entry no. 14) is denied as moot.

---

[4] The Court makes note of Alamo's second action, Civil No. 10-372 (JBS). In that matter, Alamo sought mandamus relief, asking for his immediate release from prison, based on the identical claim for credit against his federal sentence for the time spent in state custody serving his state sentence so as to give effect to the state court judge's statements during sentencing that his state sentences should run concurrently to his federal sentence. In denying mandamus relief, this Court found that the identical claim had been adjudicated against Alamo in Civil No. 06-2555 (JBS). (See November 23, 2010 Opinion and Order, in Civil No. 10-372 (JBS) at docket entry nos. 5 and 6). The case was terminated on November 23, 2010. Thereafter, on or about July 22, 2011, Alamo filed a motion to void judgment and for summary judgment in Civil No. 10-372 (JBS). (See docket entry no. 8 in that matter). He repeats the same arguments, which this Court has denied now on numerous occasions.

**CONCLUSION**

Based upon the foregoing, Alamo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied because the petition has not established any right to relief.  The motion for void judgment and/or summary judgment (Docket entry no. 14) is denied as moot.   An appropriate Order accompanies this Opinion.


                                  **s/ Jerome B. Simandle**
                                  JEROME B. SIMANDLE
                                  United States District Judge

Dated:  **September 9, 2011**